UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTOINETTE CALDWELL, a.k.a.<br>ANTOINETTE M. BROWNING,<br><br>Defendant. | Case No. 99-cv-00448-MAG (JSC)<br><br>**ORDER REQUESTING SUPPLEMENTAL PLEADINGS REGARDING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>Re: Dkt. No. 10 |

In 1999, Plaintiff the United States of America brought an action to collect a student loan debt from Defendant Antoinette Caldwell, a.k.a. Antoinette Browning. Ms. Caldwell did not respond and default judgment was entered against her on May 17, 1999 in the amount of $8,211.75. Nearly 16 years later, the United States filed the now pending Ex Parte Motion for Writ of Continuing Garnishment seeking an order authorizing garnishment of Ms. Caldwell's earnings from Alliance Data. (Dkt. No. 10.) Because the Court has concerns regarding certain aspects of the application, the United States is ordered to file a supplemental memorandum and declaration in support of its application as set forth below.

**DISCUSSION**

To obtain a writ of garnishment, the United States must (1) file an application for a writ of garnishment in accordance with 28 U.S.C. § 3205(b), and (2) prepare and file with the Clerk of the Court a notice in the form proscribed in 28 U.S.C. § 3202(b). The notice must include an explanation of the judgment debtor's rights, exemptions that may apply, and the procedures applicable if the judgment debtor disputes the issuance of the writ. 28 U.S.C. § 3202(b). These procedures include the right to request a hearing before the Court within 20 days of receipt of the notice. *Id.* The Clerk shall issue the notice upon filing and the United States shall serve the notice

1  and copy of the application for a writ of garnishment on the judgment debtor and the garnishee.
2  28 U.S.C. § 3202(c).

3  Upon receipt of an application for a writ of garnishment, the court shall issue the writ of
4  garnishment if it is satisfied that the United States has complied with the requirements of Section
5  3205(b). In particular, the application must indicate: (1) the judgment debtor's name, social
6  security number, and last known address, (2) the nature and amount of the debt owed, and (3) that
7  the garnishee is believed to have possession of property in which the debtor has a substantial
8  nonexempt interest. 28 U.S.C. § 3305(b)(1). If the court grants the writ of garnishment, the
9  United States must serve the writ on the garnishee and the judgment debtor along with (1)
10 instructions "explaining the requirement that the garnishee submit a written answer to the writ,"
11 and (2) "instructions to the judgment debtor for objecting to the answer of the garnishee and for
12 obtaining a hearing on the objections." 28 U.S.C. § 3205(c)(3). The garnishee is then required to
13 answer in writing. 28 U.S.C. § 3205(c)(3). Section 3205(c)(5) allows a defendant (judgment
14 debtor) to file a request for a hearing within twenty days after receipt of the answer by the
15 garnishee. 28 U.S.C. § 3205(c)(5).

16 The Court is not yet comfortable with issuing the notice and writ in this case for two
17 reasons. First, the application indicates that Ms. Caldwell was served with the writ application at
18 her last known address of 977 Miller Avenue, Columbus, Ohio 43206; however, neither the
19 application nor declaration filed in support of the application reflects how this address was
20 identified. Further, an internet search reveals that the Franklin County Auditor shows property
21 records for an Antoinette Caldwell at 1777 N. Eastfield Dr., Columbus, Ohio 43223, but no such
22 record appears for either an Antoinette Caldwell or an Antoinette Browning at 977 Miller Avenue,
23 Columbus, Ohio 43206. Given the passage of time and the United States' obligation to provide
24 notice of the writ under Section 3202(b) and 3205(c), the Court must assure itself that every
25 reasonable effort was made to obtain a correct address for Ms. Caldwell. Accordingly, the United
26 States shall specify what steps it took to determine Ms. Caldwell's current address and when it did
27 so.

28 Second, the original default judgment was for $8,211.75 plus interest at a rate of 4.727

1  percent to be compounded annually. (Dkt. No. 11-1.) The United States indicates that the total
2  balance is now $15,624.10. The United States shall supplement its application with an accounting
3  of how this amount was determined.
4  Finally, it is unclear which of the United States' filings have been served on Ms. Caldwell.
5  Because the writ has yet to issue, the United States' obligation to serve arises under Section
6  3202(c) rather than Section 3205(c)(3). Section 3205(c) appears to apply only once the court
7  grants the writ. Under Section 3202(c), the United States must serve a copy of the notice and the
8  application for a writ on both the judgment debtor and the garnishee. Arguably, the United States'
9  obligation to so serve only arises after the Clerk issues the notice which has not yet happened here
10 given the Court's concerns. (Dkt. No. 10-3.) Nonetheless, the United States has filed a proof of
11 service that indicates that it served Ms. Caldwell with:

> DECLARATION OF MICHAEL COSENTINO IN SUPPORT OF APPLICATION FOR WRIT OF CONTINUING GARNISHMENT, and the
>
> APPLICATION FOR WRIT OF CONTINUING GARNISHMENT, and the
>
> (Proposed) ORDER GRANTING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT and the
>
> (proposed) WRIT OF CONTINUING GARNISHMENT

18 (Dkt. No. 11 at 3.) It is unclear from this proof of service whether the United States served Ms.
19 Caldwell with the attachments to the Application. This ambiguity is critical because the
20 attachments include the notice required by Section 3202. The Court also notes that the
21 attachments are docketed as "errata" even though they are not marked as "errata" on the
22 documents themselves and they are not corrections to any previously filed documents. The United
23 States shall explain the errata designation in its supplemental filing.
24 In light of these concerns and questions, within 14 days from the date of this Order the
25 United States is ordered to file a supplemental memorandum with supporting declaration which
26 answers: (1) what steps were taken to ascertain Ms. Caldwell's last known address, (2) how the
27 amount due and owing was computed, (3) exactly what documents the United States served on
28 Ms. Caldwell, and (4) why the attachments to the Application are docketed as "errata."

3

1    **IT IS SO ORDERED**.

2    Dated: February 13, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge